IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DEREK Q. JAMES, Register No. 182777, )
)
               Plaintiff, )
)
        v. ) No. 07-4141-CV-C-NKL
)
DAVE DORMIRE, et al., )
)
               Defendants. )

## REPORT, RECOMMENDATION AND ORDER

On October 3, 2007, plaintiff, a three-strikes litigant, was granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915(g)'s imminent danger of physical injury exception based on the allegations set forth in his complaint. On January 3, 2008, a hearing was held regarding plaintiff's allegations of imminent danger and request for temporary restraining order.[1] Plaintiff alleges he is being put in imminent danger as a result of the shaving policy implemented for administrative segregation inmates at the Jefferson City Correctional Center (hereinafter JCCC). Plaintiff appeared via video conference and Department of Corrections defendants Dave Dormire and Jay Cassady appeared in person and by counsel.

"The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and. . . ." Fed. R. Civ. P. 65(b). Applications for temporary restraining orders and preliminary injunctive relief are measured against the factors set forth in <u>Dataphase Systems, Inc. v. C.L. Systems, Inc.</u>, 640 F.2d 109 (8th Cir. 1981). Those factors are:

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. The inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of establishing the necessity of a temporary restraining order or preliminary injunctive relief is on the party seeking relief. Baker v. Electric Co-op, Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975). Trial courts have broad discretion in ruling on requests for preliminary injunctions and temporary restraining orders. Entergy, Arkansas, Inc. v. Nebraska, 210 F.3d 887, 898 (8th Cir. 2000).

In support of his claims alleging imminent danger of physical harm and seeking a temporary restraining order, plaintiff states the new August 31, 2007 JCCC prison policy requires all disposable razors to be removed from inmates in administrative segregation Levels I and II, leaving the only option available for shaving being the use of a shared electric razor. Plaintiff asserts that hygiene products, including electric razors, should not be shared by inmates. Plaintiff asserts that the sharing of electric razors puts him at imminent risk of being infected with a serious disease, such as AIDS and MRSA staph infections from other inmates. Plaintiff has submitted newspaper articles discussing the risks of MRSA staph infection and precautionary measures that should be taken, including recommendations by the Centers for Disease Control providing that hygiene products, such as razors, soap, face towels, etc., not be shared.

Defendant Dave Dormire, the Superintendent of JCCC, confirmed at the hearing that due to safety and security concerns, disposable razors were removed from administrative segregation inmates in Levels I and II. Dormire testified that inmates in administrative segregation Levels I and II have the option of either using an electric razor or not shaving. Dormire further testified that the electric razors are cleaned between each use. Dormire testified that electric razors are wiped down and cleaned with Barbicide, which has been used to clean razors in barber shops for years.

A review of the Missouri State Board of Barber Examiners Sanitation Rules, 20 C.S.R. 2060-4.015 provides the following sanitation rules for electrical barbering implements: "A.

Remove all foreign matter; B. Disinfect with EPA-registered disinfectants according to manufacturer's instructions, C. Store in clean, dust-tight cabinet." 20 C.S.R. 2060-4.015(2)(C)(2). A review of the United States EPA Website shows Barbicide to be a "selected EPA-registered disinfectant." See (www.epa.gov).

The information and evidence provided to the court indicates that the electric razors are being appropriately cleaned with Barbicide between uses, pursuant to the state sanitation rules set forth for general public barbers. Further, to the extent that plaintiff alleges the cleaning of the electric razors with Barbicide is not sufficient in duration, the court notes that plaintiff is not required to shave while in administrative segregation and has the option not to shave if he continues to have concerns regarding the use of electric razors. Allegations that he has itching and discomfort if he does not shave are minor health issues, which, plaintiff concedes, can be easily addressed by medical staff, if necessary, and pose no threat of imminent physical harm to him.

This court finds that use of a shared electric razor for those inmates in Levels I and II administrative segregation who want to shave does not pose an imminent threat of harm to plaintiff. Moreover, plaintiff is no longer subject to the restrictions of administrative segregation because he has been released to general population. General population inmates may purchase disposable razors, which are not required to be shared with other inmates. This court finds no basis for issuing a temporary restraining order, or for allowing plaintiff to continue to proceed under the imminent danger of physical harm exception of section 1915(g).

On November 16, 2007, plaintiff filed a motion for appointment of counsel under 28 U.S.C. § 1915, which authorizes the court to request an attorney to represent an individual who is unable to afford counsel. It is the practice of this court to grant provisional leave to proceed in forma pauperis to individuals who qualify on the basis of indigence, even though the case may be subject to dismissal under 28 U.S.C. §§ 1915 or 1915A on other grounds. It is the general practice of this court to deny requests for appointment of counsel in the very early stages of the proceedings before an answer has been filed, or when it appears that dismissal may be warranted because the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. §§ 1915 or 1915A.

On September 14 and November 16, 2007, plaintiff filed motions for a hearing. Plaintiff's motions are moot.

IT IS, THEREFORE, ORDERED that plaintiff's motions for a hearing are moot. [5, 16, 25] It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [15] It is further

RECOMMENDED that plaintiff's motion for temporary restraining order be denied. [4] It is further

RECOMMENDED that defendants' motion to revoke plaintiff's in forma pauperis status be granted. [19] It is further

RECOMMENDED that all other pending motions be denied as moot. [10, 11]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 29th day of January, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge